FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2007 JAN 29  AM 8:38

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL

134144

TREMAIN MAURICE TILLMAN, on his own behalf
and others similarly situated,

    Plaintiff,

v.

MARLIN ESOURCING SOLUTIONS, LLC,
a Foreign Limited Liability,

    Defendant.
_____/

CASE NO.:

6:07-cv-136-ORL-18 KRS

## COMPLAINT & DEMAND FOR JURY TRIAL

1. Plaintiff, TREMAIN MAURICE TILLMAN, on his own behalf and others similarly situated ("Plaintiff"), was an employee of Defendant, MARLIN ESOURCING SOLUTIONS, LLC, a Foreign Limited Liability ("MARLIN" or "Defendant"), and brings this action for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was a Computer Technician and performed related activities for Defendant in Osceola County, Florida.

2. Defendant, MARLIN, is a Foreign Limited Liability that operates and conducts business in, among others, Osceola County, Florida, and is therefore, within the jurisdiction of this Court.

3. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every dispatcher who worked for the Defendant at any time within the past three (3) years.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

5. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

6. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, and those similarly situated to him, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated to him, for those hours worked in excess of forty within a work week.

7. During their employment with Defendant, Plaintiff, and those similarly situated to him, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

8. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated to him, are in the possession and custody of Defendant.

## **COUNT I- RECOVERY OF OVERTIME COMPENSATION**

9. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-8 above.

10. Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During their employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked overtime hours but were not paid time and one half compensation for same.

11. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to him, have suffered damages plus incurring reasonable attorneys' fees and costs.

12. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, are entitled to liquidated damages.

13. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## **COUNT II - RECOVERY OF MINIMUM WAGES**

14. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-13 above.

15. Plaintiff was entitled to be paid minimum wage for each hour he worked during their employment with Defendant.

16. Plaintiff's employment with Defendant terminated in approximately November 2006.  Since that time, Plaintiff has demanded compensation for multiple weeks of work with Defendant for which he was not compensated, but Defendant has refused and/or failed to compensate them for same.  As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during multiple weeks of employment with Defendant.

17. Defendant willfully failed to pay Plaintiff minimum wage for multiple weeks of work contrary to 29 U.S.C. § 206.

18. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

19. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, for the payment of minimum wage for all hours worked by them for which Defendant

did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 25th day of January, 2007.

CARLOS LEACH, ESQUIRE
Florida Bar No. 0540021
Morgan & Morgan, P.A.
20 N. Orange Avenue
P.O. Box 4979
Orlando, FL  32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 425-8171
E-mail: Cleach@forthepeople.com
Counsel for Plaintiff

CL/rds