# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TREMAIN MAURICE TILLMAN,**
         **Plaintiff,**

**-vs-**                                           **Case No. 6:07-cv-136-Orl-18KRS**

**MARLIN eSOURCING SOLUTIONS, LLC,**
         **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **DEFENDANT'S MOTION FOR FEES AND COSTS (Doc. No. 57)**
>
> **FILED:**      **July 24, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

## I. INTRODUCTION.

On January 1, 2007, Plaintiff Tremain Tillman, through his attorney, filed a complaint against Defendant Marlin eSourcing Solutions, LLC (Marlin) alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Doc. No. 1. On March 3, 2008, counsel for Tillman withdrew from the case (Doc. No. 46); thereafter, Tillman represented himself.

On March 7, 2008, Marlin filed a Motion for Sanctions (Doc. No. 49) alleging that Tillman refused to abide by the Court's scheduling order and rules. In response, the Court issued an Order to Show Cause allowing Tillman ten days to comply. Doc. No. 50. Following Tillman's failure to

comply with the Order to Show Cause, the Court dismissed the action for failure to prosecute it. Doc. No. 52.

Marlin then moved for sanctions pursuant to Fed. R. Civ. P. 11. Doc. No. 53. The Court found that "Plaintiff has needlessly continued this litigation and made unmerited assertions he knew to be lacking in evidentiary support" and found Plaintiff in violation of Rule 11. Doc. No. 55 at 2-3. The Court referred the matter to me for a determination of reasonable sanctions against Tillman. *Id.*

On July 7, 2008, I ordered Marlin and Tillman to confer in an effort to resolve the amount of fees and costs to be paid to Marlin as a sanction, and I permitted Marlin to file a motion for fees if the parties could not reach an agreement. Doc. No. 56. Marlin now files the instant motion for assessment of attorneys' fees and expenses pursuant to that order. Doc. No. 57. In support of the motion, Marlin filed the Affidavit of Patricia Fields Anderson, Esq., with attached invoices and case ledger sheets (Doc. No. 57-2 at 2-40) and the Declaration of Paul J. Scheck (Doc. No. 57-2 at 45-48).

Tillman has not responded to the motion, and the time for doing so has passed. Therefore, I consider the motion to be unopposed.[1]

## II. ANALYSIS.

*A.   Rule 11 Sanctions*.

Rule 11 permits the Court to sanction an attorney or unrepresented party who signs, files, submits or later advocates a pleading, motion or other paper based on factual contentions that have no evidentiary support, among other things. Fed. R. Civ. P. 11(b)-(c). It also permits the Court to sanction the person responsible for the violation. Fed. R. Civ. P. 11(c)(1). When a court determines

---

[1] Marlin filed an email in which Tillman objected to the motion before it was filed. Tillman abandoned that objection, however, by failing to file a timely response to the motion.

that Rule 11(b) has been violated, the court has discretion to "impose an appropriate sanction upon the attorneys, law firms, or parties that violated the rule or is responsible for the violations" and may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Fed. R. Civ. P. 11(c). Accordingly, I begin with a discussion of the reasonable attorneys' fees and expenses incurred by Marlin. Thereafter, I will discuss the appropriate Rule 11 sanction in light of the attorneys' fees and expenses.

> B.   *Reasonable Attorneys' Fees.*

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

> > 1.   Determining the Reasonable Hourly Rate.

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating additional factors to consider). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee

is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted).

It is well established that the court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). The "'fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)(quoting *Norman*, 836 F.2d at 1303). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. If the party submits inadequate documentation, the district court may reduce the amount of the award. *See id.*

Patricia Fields Anderson avers that she has been licensed to practice law in Florida since 1982. Anderson Aff. ¶ 2. She has more than two decades of litigation experience, but only limited employment law experience. *Id.* ¶¶ 3, 5-7. She further avers that she was selected because of her longtime relationship with Marlin's general counsel, and not any particular experience with FLSA litigation. *Id.* at ¶ 8. She seeks a rate of $275.00 per hour, which she avers is the rate Marlin paid her for her services in this case. *Id.* ¶¶ 8, 17, 19.

Paul Scheck avers that he has been licensed to practice in Florida since 1994. Since that time, he has practiced primarily in the field of labor and employment litigation, with and emphasis on defending employers in discrimination and wage and hour matters. He has litigated cases throughout his career in this Court. Scheck Decl. ¶ 4. He is familiar with the rates customarily charged by attorneys practicing in this Court. *Id.* ¶ 10. Scheck discussed the case with Anderson and reviewed

various papers in the Court file. *Id.* ¶ 7. He also reviewed Anderson's time sheets, her affidavit in support of the present motion and her correspondence with Tillman. *Id.* ¶ 8. Scheck opines that $275.00 per hour is reasonable for Anderson's work in this case.

I concur with Scheck's opinion that $275.00 is a reasonable hourly rate for Anderson's work, particularly in the absence of objection.

2.  Determining the Reasonable Number of Hours Expended.

An attorney's averment that he or she actually worked the time recorded is "evidence of considerable weight on the issue of the time required in the usual case." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988). However, an attorney's affidavit does not relieve the court of its duty to award only reasonable fees. *See Hensley*, 461 U.S. at 434, *City of Riverside v. Rivera*, 477 U.S. 561, 570 & n.4 (1986)(plurality).

*Hensley* requires counsel to "exercise 'billing judgment' with respect to hours worked." *Hensley*, 461 U.S. at 437 (quotation in original). The *Hensley* Court placed this burden on counsel not because they "should necessarily be compensated for less than the actual number of hours spent litigating a case, but because the hours [they do] seek compensation for must be reasonable." *City of Riverside v. Rivera*, 477 U.S. 561, 570, 570 n.4 (1986)(plurality). If fee counsels fail to exercise their own billing judgment, courts are obligated to exercise it for them. *ACLU v. Barnes*, 168 F.3d, 423, 428 (11th Cir. 1999). A court must deduct the "excessive, redundant, or otherwise unnecessary" fees under the circumstances of the case, *Hensley*, 461 U.S. at 434, because "it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428; *see also Perkins*, 847 F.2d at 738.

A district court must articulate all of the decisions it makes concerning attorneys' fees and costs, state principled reasons for those decisions, and show any calculations. *Norman*, 836 F.2d at 1304; *Adams v. Mathis*, 752 F.2d 553, 554 (11th Cir. 1985). If the court disallows any claimed hours, it must explain which hours it has disallowed and state reasons why an award of these hours would be improper. *Norman*, 836 F.2d at 1304; *Hill v. Seaboard Coast Line R. Co.*, 767 F.2d 771, 775 (11th Cir. 1985); *Fitzpatrick v. IRS*, 665 F.2d 327, 332-33 (11th Cir. 1982).

*Hensley* requires counsel to "exercise 'billing judgment' with respect to hours worked." *Hensley*, 461 U.S. at 437 (quotation in original). The *Hensley* Court placed this burden on counsel not because they "should necessarily be compensated for less than the actual number of hours spent litigating a case, but because the hours [they do] seek compensation for must be reasonable." *City of Riverside v. Rivera*, 477 U.S. 561, 570, 570 n.4 (1986)(plurality). If counsel fail to exercise their own billing judgment, courts are obligated to exercise it for them. *ACLU v. Barnes*, 168 F.3d, 423, 428 (11th Cir. 1999). Even when, as here, the opposing party does not object to a fee award, the lack of objection in no way diminishes a court's duty to exercise billing judgment and ensure it is not "generous with the money of others." *Id.*; *see also Perkins*, 847 F.2d at 738. A court must deduct the "excessive, redundant, or otherwise unnecessary" fees under the circumstances of the case, *Hensley*, 461 U.S. at 434, because "it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428; *see also Perkins*, 847 F.2d at 738.

Anderson avers "that the time billed on this file was necessary and proper . . . . Throughout the case, [she] exercised conservative billing judgment . . . ." *Id.* at ¶ 18. She does not seek reimbursement for time worked exclusively with respect to the claim made by opt-in plaintiff Javier

Rodriguez. Anderson Aff. ¶ 13. Her time sheet reflects 142.4 hours of work that Anderson avers "are attributable to Plaintiff Tillman." *Id.* ¶ 17. Scheck avers that this was a reasonable number of hours in this case. Scheck Decl. ¶ 12. After a review of Anderson's time sheet, I find that the hours worked were reasonable in the absence of objection.

        3.        <u>Lodestar.</u>

The reasonable number of hours, 142.4, multiplied by the reasonable hourly rate, $275.00, results in a lodestar fee of $39,160.00.

    *D.*    *Reasonable Expenses.*

Marlin also seek reimbursement of its expenses in the amount of $2,644.74. Anderson Aff., at 8; *see also id.*, at 12, 14, 17, 19, 21-22, 26, 31. Courts recognize the difference between litigation expenses and costs taxable under 28 U.S.C. § 1920, such as the provision for an award of expenses in 42 U.S.C. § 1988 or 28 U.S.C. § 1927.

        1. <u>Generally Unrecoverable Claims</u>.

Marlin makes several claims for unspecified photocopy costs. Marlin submits no itemization of the photocopies, *see Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 914 (M.D. Fla. 1989)(declining to award photocopy costs where party did not itemize the photocopies that are the subject of the motion). The affidavit also fails to differentiate between the photocopies for Tillman's claim and those used to defend against Rodriguez's claim, or those merely made for counsel's convenience. Accordingly, the photocopying costs are denied.

Costs sought by Marlin for facsimile, courier/postal charges, mileage, vehicle rental, fuel, and lodging are similarly improper. *Id*. To the extent any of these costs properly relate to Tillman's claim

and fall within recoverable Rule 11(c) expenses, Anderson has failed to provide the "sufficient particularity" required by *Norman*, 836 F.2d at 1303, to permit this Court to ascertain their inclusion.

### 2. Other Specific Claims.

Marlin claims $13.76 on January 31, 2007 for "Middle District /Defendant Marlin's answer," Anderson Aff., at 12, and $15.00 on December 3, 2007 for "Witness/Deposition." *Id.* at 21. Neither of these entries provide the "sufficient particularity" required by *Norman*, 836 F.2d at 1303, to permit this Court to tax them as recoverable costs under § 1920.

Anderson's affidavit also claims $842.15 in deposition transcript fees labeled "Rodriguez Deposition." Anderson Aff., at 8 ("1/27/07–Transcripts $842.15), 26 ("Jan-24-08   The Reporting Company Invoice 20067382; Rodriguez Deposition 10/10/07 $842.15"). Since this transcript fee apparently applies to a different plaintiff's deposition, the cost was not "reasonably expended" on Tillman's litigation, *Hensley*, 461 U.S. at 434.  Accordingly, I recommend the Court deduct these costs.

Another entry on December 3, 2007 claims $60.00 for service of process on Sterling Hall, Tillman's former supervisor and Marlin's IT Director. Given Tillman's allegation that he worked time "off the books," I find costs related to Hall's deposition reasonable under Rule 11(c). Fed. R. Civ. P. 11(c)(4). Finally, Marlin claims $750.00 for the cost of James Markel, Esq., the mediator in the case. I find the cost for the mediator is recoverable as a reasonable expense under Rule 11(c). *Id.*

Accordingly, Marlin is entitled to $810.00 of the claimed costs.

*E. Adjustments to the Lodestar.*

Fed. R. Civ. P. 11(c)(4) specifically provides that "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." In determining the reasonableness of a Rule 11 sanction,

> the court should consider the nature of the violation committed, the circumstances in which it was committed, the circumstances (including the financial state) of the individual to be sanctioned, and those sanctioning measures that would suffice to deter that individual from similar violations in the future. The court should also consider the circumstances of the party or parties who may have been adversely affected by the violation.

AMERICAN JUDICATURE SOCIETY, STUDIES OF THE JUSTICE SYSTEM, RULE 11 IN TRANSITION: THE REPORT OF THE THIRD CIRCUIT TASK FORCE ON FEDERAL RULE OF CIVIL PROCEDURE 11, 40 (1989).

In this case, Tillman's counsel wrote in his motion to withdraw that while Tillman acknowledged that his time records would show that he did not work overtime, he was adamant that he worked more than 40 hours a week in "off the books" time. However, when Marlin was able to retrieve documents, including Tillman's access card time entries, it became clear that Tillman's assertions could not be supported. Doc. No. 43 at 2. Counsel discussed these findings and recommended that Tillman dismiss the case. *Id.* He did not agree to do so, yet he did not thereafter retain another attorney or actively represent himself in the case. This caused Marlin to incur additional attorneys' fees to prepare the pretrial statement and related papers in accordance with the Court's scheduling order. *See* Doc. Nos. 47, 48. Thus, it is clear that Tillman is responsible for the Rule 11 violation, even while he was represented by counsel, because it was he that insisted that his claims would be supported by evidence. *See* Fed. R. Civ. P. 11, Advisory Comm. Notes, 1993 Amends. ("The sanction should be imposed on the persons–whether attorneys, law firms, or parties–who have violated the rule **or who may be determined to be responsible for the violation**.")(emphasis added);

*In re Collins*, 250 B.R. 645, 660-61 (N.D. Ill. 2000)(sanctioning party based on responsibility for advancing frivolous arguments, citing Fed. R. Civ. P. 11, Advisory Comm. Notes, 1993 Amends.)

With respect to the motion for sanctions, the Court found that Tillman "demonstrated a willingness to waste time and mislead the Court. The allegations in the Complaint . . . , the answers to the Court's interrogatories . . . , the Plaintiff's deposition . . . , and the Plaintiff continued assertion of his meritless claims despite the advice of, and ultimately, withdrawal of his attorney . . . were unreasonable. Plaintiff was given multiple opportunities . . . to dismiss this action; yet Plaintiff failed to take any action." Doc. No. 55 at 2. The record having established that Tillman was not deterred by either facts or legal advice, a significant sanction is necessary to deter similar conduct by other plaintiffs in future cases of this type.

Further, the record establishes the reasonable attorneys' fees and expenses Marlin incurred in defending against Tillman's factually unfounded claims. Tillman has not offered any evidence of his financial circumstances that would warrant mitigating the sanctions to be imposed.

Accordingly, I recommend that the Court order Tillman to pay as a sanction the reasonable lodestar attorneys' fee of $39,160.00 and the reasonable expenses in the amount of $810.00 incurred by Marlin in defending this litigation.

**IV. RECOMMENDATION.**

For the foregoing reasons, I recommend the Court **GRANT in part** Marlin's Motion for Fees and Costs and **ORDER** Tillman to pay Marlin $39,970.00.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 28, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE