UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TREMAIN MAURICE TILLMAN,
Plaintiff,

-vs-                                                    Case No. 6:07-cv-136-Orl-18KRS

MARLIN eSOURCING SOLUTIONS, LLC,
Defendant.

## ORDER

THIS CAUSE came before the Court upon Defendant Marlin eSourcing Solutions, LLC's Motion for Fees and Costs. (Doc. 57, filed July 24, 2008.) Defendant filed a Motion for Sanctions (Doc. 53, filed April 10, 2008), which this Court granted. (Doc. 55, filed June 25, 2008.) This Court then referred the determination of sanctions to the United States Magistrate Judge, who requested that Defendant file the motion for fees and costs. (Doc. 56, filed July 7, 2008.) The United States Magistrate Judge entered a Report and Recommendation (Doc. 58, filed October 28, 2008) to which Defendant has objected. (Doc. 59, filed November 7, 2008.) Having considered the Report and Recommendation and the objection thereto, it is ORDERED that the Report and Recommendation is hereby APPROVED.

The basis for Defendant's objection is that the Magistrate Judge mis-read an invoice relating to depositions of Plaintiff Tremain Tillman and dismissed opt-in Plaintiff Javier Rodriguez. The disputed charge, $842.15, was listed on Defendant's attorney's ("Anderson"), affidavit as "1/27/07 - Transcripts" (Doc. 57-2 at 8) and corresponds to an invoice referenced in Anderson's billing records (Doc. 57-2 at 26) as:

| | |
|---|---|
| The Reporting Company Invoice 20067382<br>Rodriguez Deposition 10/10/07 | 842.15 |

The invoice from The Reporting Company then states that the charge includes both the Tillman and Rodriguez depositions. (Doc. 57-2 at 27.) No argument was made in the motion for fees that the Rodriguez deposition was necessary to the Tillman claim, and Anderson excluded hours worked on the Rodriguez claim from calculating the fees in the present motion. (Doc. 57-2 at 6.)

Plaintiff was sanctioned according to Rule 11 of the Federal Rules of Civil Procedure. Rule 11 is not an entitlement to fees, but rather a tool to discourage unmerited, frivolous, or fraudulent claims being brought in court. The Report and Recommendation by the Magistrate Judge establishes a sanction that will accomplish the purpose of Rule 11. Neither the invoice, records, and affidavit submitted to the Court nor the reasons for including the $842.15 charge in the sanctions were made clear. The purpose of Rule 11 is satisfied with or without the $842.15, and the failure to make clear why the $842.15 should have been included in the sanction lies with Defendant.

Therefore, this Court finds no compelling reason to amend the Report and Recommendation. It is hereby **ORDERED** that the Report and Recommendation (Doc. 58) be **APPROVED**, as is.

**DONE** and **ORDERED** in Orlando, Florida on this \_\_11\_\_ day of December, 2008.

_____
**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties